**Entered on Docket
September 24, 2009**

_____
**Hon. Mike K. Nakagawa
United States Bankruptcy Judge**

___

David M. Crosby, Esq.
Nevada Bar #3499
CROSBY & ASSOCIATES
711 South Eighth Street
Las Vegas, Nevada 89101
Phone: (702) 382-2600

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| In the matter of: | Case No: BK-09-13279-MKN<br>Chapter 13 |
| CARMEN MEDINA, | |
| Debtor. | Date: August 27, 2009<br>Time: 3:30 p.m. |

**ORDER GRANTING
MOTION TO VALUE DEBTOR'S PRINCIPAL RESIDENCE AND AVOID WHOLLY
UNSECURED LIEN(S) ENCUMBERING SAME, TO MODIFY THE RIGHTS OF
LIENHOLDERS AND OBJECTION TO LIENHOLDERS' PROOFS OF CLAIM, IF ANY**

Debtor's **Amended Motion to Value Debtors' Principal Residence and Avoid Wholly Unsecured Lien(s) Encumbering Same, to Modify the Rights of Lienholders and Objection to Lienholders' Proofs of Claim, If Any** having been duly filed and served on Wells Fargo Bank, N.A. and HSBC Mortgage Services and having come before this Court for hearing on the date and at the time set forth above

with Debtor appearing by and through her legal counsel, Troy S. Fox, Esq. of the law firm Crosby & Associates and none of the named lienholders/lenders/servicers having appeared or otherwise having responded and good cause appearing therefor;

THE COURT HEREBY FINDS:

1. On the date of the petition, Debtor was the owner of real property used as her principal residence known and described as 710 E. Williams Avenue, Las Vegas, NV 89030 legally described as:

> Lot Six (6) in Block Five (5) of Williams Second Addition, as shown by map thereof on file in Book 2 of Plats, Page 4, in the Office of the County Recorder of Clark County, Nevada, together with that portion of vacated alley, adjoining said property on the North, which attached according to operation of the law.
>
> APN: 139-23-310-042

2. The value of said principal residence at the time Debtor filed her Chapter 13 Petition was $38,000 which is less than the balance of the claim(s) of the first lienholder as of the date of the Petition.

3. Said property at the time of filing was subject to the following liens evidenced by Promissory Notes and Deeds of Trust:

> First Mortgage:
> Wells Fargo Bank, N.A.                    $ 98,469.49
> One Home Campus
> Des Moines, IA 50328
> Loan # 0198756413
>
> Second Mortgage:
> HSBC Mortgage Services                   $ 24,770.68
> P.O. Box 60139
> City of Industry, CA 91716-0139
> Loan # 0012700720

4. That on the filing date of the instant Chapter 13 petition, the claim represented by junior lien of HSBC Mortgage Services was wholly unsecured and may therefore be avoided pursuant to 11 U.S.C. Section 506(a) and §1322(b)(2) upon completion of the Debtor's Chapter 13 plan; and

2

5. Said claim is properly reclassified as a non-priority general unsecured claim to be paid pro rata with other non-priority general unsecured creditors through the Debtor's Chapter 13 plan; and

6. That it is consistent with the above findings that any claim(s) as identified in Proofs of Claim filed by HSBC Mortgage Services be modified to non-priority general unsecured status.

IT IS THEREFORE ORDERED THAT:

1. The claim represented by junior lien of HSBC Mortgage Services be and is herewith avoided and "stripped off" from Debtor's principal residence upon completion of Debtor's Chapter 13 plan and shall henceforth be treated as a "non-priority general unsecured claim" pursuant to 11 U.S.C. §506(a);

2. That any Proofs of Claim filed by HSBC Mortgage Services relative to its junior lien be conformed to the findings herein as non-priority general unsecured claims to be paid pro rata with other non-priority general unsecured creditors through the Debtor's Chapter 13 plan.

3. HSBC Mortgage Services shall retain it's claim(s) for the full amount under the loans referenced above in the event of either the dismissal of Debtor's Chapter 13 case or the conversion of the Debtor's Chapter 13 case to any other Chapter under the United States Bankruptcy Code.

Dated this 31st day of August, 2009.

Submitted By:

CROSBY & ASSOCIATES

_____
David M. Crosby, Esq.
Nevada Bar #3499
CROSBY & ASSOCIATES
711 South Eighth Street
Las Vegas, Nevada 89101
Attorneys for Debtor(s)

Approved/Disapproved

_____
Rick A. Yarnell
Chapter 13 Trustee

NOTICE - ALTERNATIVE METHOD re: RULE 9021:

In accordance with LR 9021, counsel submitting this document certifies as follows:

_____ The court has waived the requirement of approval under LR 9021.

_____ No parties appeared or filed written objections, and there is no trustee appointed in the case.

__X__ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below:

Party: Chapter 13 Trustee

_____ Approved    _____ Disapproved    __X__ Failed to Respond

Party: _____

_____ Approved    _____ Disapproved    _____ Failed to Respond

Party: _____

_____ Approved    _____ Disapproved    _____ Failed to Respond

Submitted By:

CROSBY & ASSOCIATES

_____
David M. Crosby, Esq.

4